THE CITY OF TOPEKA, *Appellee,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAW-NEE, *Appellant.*

No. 18,012.

HEADNOTE BY THE REPORTER.

INJUNCTION—*Wrongful Filling Excavation Under Extension to Bridge.* Under the facts shown, where a city, to widen the channel of a watercourse, makes an extension to a bridge and excavates the earth thereunder and on either side, an injunc-tion will lie to prevent the county commissioners from inter-fering with or filling in such excavation.

Appeal from Shawnee district court, division No. 1. Opinion filed March 8, 1913.   Affirmed.

*Ernest R. Simon,* and *Edwin A. Austin,* both of To-peka, for the appellant.

*W. C. Ralston,* city attorney, and *James W. Clark,* assistant city attorney, for the appellee.

*Per Curiam:*  The appellee and the appellant were, in a sense, engaged in the same public enterprise, viz., in restraining the Kansas river from overflowing its banks and causing great damage in the vicinity of the Melan Arch Bridge and within the city and county. For this purpose the appellant had condemned a strip of land along the south bank of the river and had erected a dike thereon, and at the time complained of its employees were building a revetment to the dike between the dike and the stream to prevent the washing away and destruction of the dike in times of high water.   The plan of the engineers was to cut off the bank between the dike and the stream, then at low water, so that the concrete revetment should slope like an apron from the dike down to the stream; the foundation of the revetment was to be set below the low-water mark.

The city, to widen the channel, had voted bonds to build an extension of the Melan bridge and to remove the earth under the extension and on either side thereof to widen the channel.   The extension had been built, and the earth to the desired depth thereunder and to some extent on either side thereof had been removed, when the employees of the appellant commenced to cut down the bank for the building of the revetment.

There was evidence that the appellant's employees, over the protest of the appellee and its employees, continued to dump the earth from the bank into the excavation which the employees of the city had made

and were making for the purpose of widening the channel of the stream.

Each party had a right to do the work it was doing so long as it did not unnecessarily interfere with or destroy the work of the other, but not otherwise.

The trial court found in favor of the city and granted the injunction prayed for, including a mandatory injunction requiring the appellant to remove the earth which appellant had theretofore dumped and placed in the excavation under and on either side of the bridge made by the employees of the city.

There was ample evidence that the action of appellant and its contractors, who were parties to the action, was unjust and inequitable, and the judgment is affirmed.